**SO ORDERED: September 5, 2017.**



_____
Jeffrey J. Graham
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| DAVID E. TALADAY and | ) | CASE NO.  16-80628-JJG-13 |
| DIANA TALADAY, | ) | |
| | ) | |
| Debtor. | ) | |

**ORDER AUTHORIZING SALE OF DEBTORS' REAL ESTATE
PURSUANT TO 11 U.S.C. §363 FREE AND CLEAR OF LIENS, CLAIMS,
INTERESTS, AND ENCUMBRANCES WITH VALID LIENS TO ATTACH
TO PROCEEDS OF SALE**

This matter came before the Court on *Debtors' Amended Motion Pursuant to 11 U.S.C. §363 for an Order Authorizing and Approving the Sale of Real Estate Free and Clear of Liens, Claims, Interests, and Encumbrances with Valid Liens to Attach to the Proceeds of Sale* [Doc. #98] (the "Sale Motion") filed by David E. Taladay and Diana Taladay (the "Debtors"), by counsel, on July 5, 2017, whereby the Debtors sought

authority to sell certain real estate located in Vigo County, Indiana, pursuant to 11 U.S.C §§ 363(b), (f), (m) and (n); the Federal Rules of Bankruptcy Procedure 2002, 6004 and 9014; and Local Bankruptcy Rule B-6004. The Court, having reviewed the Sale Motion, having taken notice that no objections were filed, and being duly advised in the premises, now finds that the Sale Motion should be granted.

**IT IS THEREFORE HEREBY ORDERED** that

A.     The Debtors are authorized to sell a portion of their real estate located at 1700 E. Woodsmall Drive, Terre Haute, Vigo County, Indiana 47802, consisting of a commercial building on approximately 1.02 acres (the "Real Estate"), to Kevin Newton (the "Purchaser") on a Contract for Deed (the "Contract") for $350,000.00 (the "Purchase Price"), with the Purchaser paying a $38,000.00 down payment (the "Down Payment") with monthly payments of $2,750.00 to be paid directly to the Chapter 13 Trustee commencing August 1, 2017, through March 1, 2020, at which time the balance of the Purchase Price ($224,000.00) shall become due and payable in full and be paid to the Chapter 13 Trustee on or before April 20, 2020.

B.     The Purchaser shall pay the balance of the Down Payment and record the Contract with the Vigo County Recorder's office on or before, September 1, 2017 (the "Closing").

C.     The Real Estate does not include real estate and improvements currently leased by Debtors to SBA Monarch Towers I, LLC (the "Leased Premises"). Debtors shall retain title to the Leased Premises and all rights under their lease with SBA Monarch Towers I, LLC. Nothing contained herein or in the Contract shall affect, modify or waive SBA Monarch Towers I, LLC's rights under the lease or the utility and

access easement granted to SBA Monarch Towers, LLC thereby, both of which are expressly preserved and remain in full force and effect.

D. All terms of the Contract are approved.

E. The Purchaser is a good-faith purchaser entitled to the protections of 11 U.S.C. §§ 363(m) and (n).

F. Bass Enterprises, LLC ("Bass"), the tax certificate holder of the Real Estate, shall have its Secured Claim with interest paid in full at Closing.

G. All other liens and encumbrances asserted against the Real Estate shall continue to attach to the Real Estate until the Purchase Price is paid in full, but shall be limited to the unpaid balance of the Purchase Price of the Real Estate.

H. Payments under the Contract (including the down payment and monthly payments) shall be paid directly to the Chapter 13 Trustee for distribution under the plan.

I. All creditors and parties in interest having been properly noticed and no objections being filed or such objections having been withdrawn on the record, all persons or entities holdings liens, claims, interests, and encumbrances in, on, to, or against the Real Estate shall be, and hereby are, forever barred, estopped and permanently enjoined from asserting such liens against the Purchasers, their successors, their assigns, or the Real Estate after closing, except as otherwise provided herein.

J. The provisions of this Order shall become effective immediately. The Rule 4001(a)(3) 14 day stay is waived.

# # #